IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

TRAVIS POPE,

        Defendant.
_____/

CR. NO. 09-0387 EJG

<u>ORDER AFFIRMING DENIAL OF MOTION TO SUPPRESS</u>

    This matter is before the court on appeal from the magistrate judge's decision denying defendant's motion to suppress evidence.

<u>Background</u>

    Defendant was convicted pursuant to his plea of guilty of one count of possession of marijuana, in violation of 21 U.S.C. § 844(a). The plea was pursuant to a conditional plea agreement in which defendant reserved the right to appeal the denial of his motion to suppress. After reviewing the record, including the video of the incident at issue, the briefs filed in connection with the appeal, and the applicable law, the court enters the

1

following order AFFIRMING the magistrate's denial of the motion to suppress.

## Standard of Review

A district court sits as an appellate court when it reviews a magistrate judge's judgment of conviction.  Fed. R. Crim P. 58(g)(2)(D).  The lower court's denial of the motion to suppress is reviewed <u>de novo</u> while its factual findings are reviewed for clear error.  <u>United States v. Willis</u>, 431 F.3d 709, 713 n.3 (9th Cir. 2005).

## Statement of facts

After viewing the video recording of the incident, the court adopts the magistrate judge's statement of facts – as set out below -- finding no clear error.

> The facts are fairly straightforward. Forest Law Enforcement Officer Marcus was dispatched to a site where a large gathering of people had been reported.  Although no conclusions about the purpose of the gathering need be made here, it appeared that the gathering was a "rave" party.  Reports of loud music and use of a public address system had been made.
>
> Officer Marcus approached the gathering after exiting his patrol car.  No one else was on the scene with him, and the contact by Officer Marcus posed a potential risk of problems due to the fact that Officer Marcus was outnumbered by quite a bit, and of course, at this time he had no idea about with whom he was dealing.  He was authoritarian in his dealings with all the persons there, and immediately began to ask whether persons there were smoking marijuana. He also quickly made it known that all of the equipment used for the party was going to be

2

>seized (no permit for the structures and equipment), and he needed to know who the owner(s) was.
>
>The videotape revealed that Officer Marcus kept telling someone outside of the camera range to stay away – that was an order. He had to direct this order to apparently the same person several times. Finally, the tape reveals that he escorted a person by the name of Cranfill to the patrol car, and Cranfill was placed inside. It was at this time that defendant Pope approached Officer Marcus and informed him that he (Pope) could not leave without Cranfill as Cranfill was his passenger and would be without a ride if Pope left. Almost immediately, Marcus believed that Pope was under the influence of marijuana, and he asked Pope to admit that. Pope obliged and admitted that he had been smoking marijuana. Immediately thereafter, Marcus asked Pope if he had any marijuana "on him." Pope denied this. Pope was then ordered by Marcus to empty his pockets. The videotape reveals that Pope was hesitant about complying, and although his hands were close to his pockets, no move was made to empty the pockets. Undeterred, Officer Marcus asked him again, if he had any marijuana in his possession. This time, Pope admitted that he did, and he was directed by Marcus to place the marijuana on the hood of the patrol car. As defendant describes it (Brief at 4), Pope was ordered not to move away from the patrol car at this time.

Order, filed February 9, 2010.

## Discussion

Defendant raises three issues on appeal: 1) was the officer's command to defendant to empty his pockets a search; 2) was the search "unreasonable"; and 3) was it a search incident to arrest? In short, the officer's order was a search which was

3

supported by probable cause and was incident to arrest.

Defendant makes much ado about the initial order to empty his pockets, contending it was an unconstitutional search; however, it is clear from viewing the video of the incident that defendant's reasonable expectation of privacy evaporated once he admitted that he was in possession of marijuana.  That fact, combined with the officer's observations of defendant's intoxicated state, created probable cause to raise the officer's suspicions and support the search.  Morever, whether defendant was actually arrested is irrelevant. At the moment defendant removed the marijuana from his pocket and placed it on the hood of the car, he was effectively under arrest.  "As long as probable cause to arrest exist[ed] before the search, a search substantially contemporaneous with the arrest is incident thereto."  United States v. Chatman, 573 F.2d 565, 567 (9th Cir. 1977).

## Conclusion

The magistrate judge's order denying the motion to suppress is AFFIRMED.

IT IS SO ORDERED.

Dated: May 27, 2011

/s/ Edward J. Garcia

EDWARD J. GARCIA, JUDGE

UNITED STATES DISTRICT COURT

4